UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNA TORRES ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-00742 |
| ) | |
| v. ) | |
| ) | |
| SPEEDWAY LLC ) | |
| Defendant. ) | |
| ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Anna Torres ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Speedway LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, and sexual harassment was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"), and the Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Anna Torres, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Speedway LLC is a company doing business in and for Cook County whose address is 3554 West North Avenue, Chicago, IL 60647.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff began working for Defendant in or about September 2021 as a cashier until

she was unlawfully terminated in May 2023.

12. Plaintiff is female and is a member of a protected class because of her sex, female.

13. Since at least the summer of 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex in violation of Title VII.

14. In the summer of 2022, Plaintiff suffered sexual harassment from her Manager (female).

15. The Manager frequently made comments about Plaintiff's body, including regularly commenting on the size of Plaintiff's buttocks.

16. Additionally, the Manager frequently showed Plaintiff pornographic material, which Plaintiff found deeply offensive.

17. Plaintiff objected to the Manger's comments and the pornographic material, but the Manger dismissed Plaintiff's concerns, and persisted with her inappropriate behavior.

18. After Plaintiff objected to the Manager's harassment, the Manager escalated the harassment by touching Plaintiff's buttocks, and asking her about her personal life.

19. The Manager asked Plaintiff whether she slept with women, and what types of sexual activities she liked to engage in.

20. Plaintiff was humiliated and disgusted by the Manager's unwanted touching, and questions.

21. Plaintiff was unsure of who else she could turn to because Defendant failed to:

    a. develop, implement and regularly communicate the employer's sexual harassment policy;

   b. Provide training for managers and employees on sexual harassment prevention;

   c. Ensure clear communication on how to report incidents of sexual harassment or conduct of a sexual nature.

 22. Defendant's managers and supervisors failed to monitor their work environment to ensure the workplace is free of sexual harassment.

 23. Plaintiff attempted to keep her head down, and avoid the Manager, but once the Manager took notice, she retaliated against Plaintiff by reducing her hours.

 24. In or about January of 2023, the Manager started reducing Plaintiff's hours.

 25. In May 2023, Plaintiff reported the harassment she had been suffering to the district manager, but shortly thereafter, the Manager terminated Plaintiff's employment under false pretext.

 26. In or about May 2023, Defendant terminated Plaintiff's employment under pretext.

 27. Defendant failed or refused to investigate or take corrective action after Plaintiff objected to and complained about sexual harassment.

 28. Plaintiff was subject to harassment and discrimination on the basis of sex by Defendant.

 29. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

 30. Plaintiff engaged in protected activity when she complained to Defendant that she had been sexually assaulted by a coworker and opposed unlawful discrimination/harassment.

 31. Plaintiff suffered multiple adverse employment actions including, but not limited to less favorable work assignments, less opportunity for advancement, a hostile work environment,

and termination.

32. There is a basis for employer liability for the sex based harassment that Plaintiff was subjected to because Plaintiff's Manager committed the harassment, and Defendant knew or should have known of the harassment but failed or refused to properly investigate and implement appropriate corrective measures.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

35. Defendant knew or should have known of the harassment.

36. The sexual harassment was severe or pervasive.

37. The sexual harassment was offensive subjectively and objectively.

38. The sexual harassment was unwelcomed.

39. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

40. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

41. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

42. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

44. Plaintiff met or exceeded the position qualifications.

45. Plaintiff was treated less favorably than similarly situated candidates outside of Plaintiff's protected class in that she was subjected to sexual harassment, her hours were reduced and Defendant terminated her for objecting to her manager's sexual advances.

46. Defendant's male employees were not subjected to the above described treatment.

47. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer lost wages and benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

50. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

51. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

52. During Plaintiff's employment with Defendant, Plaintiff reasonably opposed sexual harassment and/or sex-based discrimination directly to Defendant.

53. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

54. Defendant failed to conduct a prompt, thorough, and objective investigation after Plaintiff objected to and notified Defendant of the harassment she suffered.

55. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

56. Plaintiff suffered an adverse employment action in retaliation for engaging in a protected activity, including termination.

57. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Punitive damages;

      h.      Reasonable attorney's fees and costs; and

      i.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of January 2024.

                                                          /s/ *Travis Lampert*
                                                          **TRAVIS LAMPERT, ESQ.**
                                                          IL Bar No.: 99483
                                                          **SULAIMAN LAW GROUP LTD.**
                                                          2500 S. Highland Avenue, Suite 200
                                                          Phone (630) 581-5456
                                                          Fax (630) 575-8188
                                                          Lombard, Illinois 60148
                                                          tlampert@sulaimanlaw.com
                                                          *Attorney for Plaintiff*